IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA EX REL.**  **PLAINTIFFS**
**JEREMY WESTFALL, ET AL.**

V.  CAUSE NO. 3:15-CV-376-CWR-FKB

**MEDWORX COMPOUNDINGS, LLC, ET AL.**  **DEFENDANTS**

## ORDER

Before the Court is the relators' motion for a share of the government's recoveries from the Medworx Compoundings fraud. Docket No. 64. On review, the Court finds that the relators' motion should be denied without prejudice.

The relators initiated this *qui tam* action in 2015. They say they alerted the federal government to a fraudulent pharmaceutical scheme by Medworx Compoundings that caused hundreds of millions of dollars in losses. The government later brought civil forfeiture and criminal actions against Medworx's co-owner, who apparently was the registered agent for service of this *qui tam* action. The criminal restitution order, entered more than four years later, alone was for more than $243 million.

The relators now claim that they are entitled to a share of the government's various civil and criminal recoveries, as the government used their information to claw back millions of dollars. The relators' claim is based upon that portion of the False Claims Act providing, in relevant part:

> [T]he Government may elect to pursue its claim through any alternate remedy available to the Government, including any administrative proceeding to determine a civil money penalty. If any such alternate remedy is pursued in another proceeding, the person initiating the action shall have the same rights in such proceeding as such person would have had if the action had continued under this section.

31 U.S.C. § 3730(c)(5).

The Court finds today's dispute to be premature. On one hand, the government is correct—everyone agrees—that the relators may continue to pursue this *qui tam* action against the defendants. Discovery is finally underway and motion practice has begun. And the briefing suggests factual disputes regarding the timing of the relators' claims, their utility, and their worth relative to the assets recovered. That evidence will be important in determining the value of the relators' eventual share, if any.

On the other hand, the government's argument—that it pursued no alternate remedy here—is difficult to accept. The relators' complaint describes a pattern of fraud by Medworx. The United States used other proceedings to recover millions of dollars from Medworx's co-owner. It is hard to believe that those other proceedings do not count as an "alternate remedy" suitable for the relators to share in. The plain language of the False Claims Act is very broad on this point, as it speaks to "*any* alternate remedy available to the Government." This language is not limited to civil remedies alone. In addition, even if the statute does not contemplate relators participating in criminal prosecutions, the breadth of the statute casts doubt on whether the government may use the criminal restitution process as a means to avoid having relators share in its civil recoveries. Indeed, the government's brief acknowledges that the relators may be entitled to a credit for amounts already paid in restitution. Docket No. 71 at 16.

Further proceedings in this action are necessary. Let us move on to address them more expeditiously than this suit has proceeded so far.

The motion is denied without prejudice.

**SO ORDERED**, this the 8th day of March, 2021.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE